## Dupee v. E. Nelson Blake, use of Metropolitan National Bank.

1. BOARD OF TRADE—*Obligations—Common Law Bond.*—A bond was conditioned to pay any damages sustained by any person on account of neglect of duty, fault or fraud of the obligors as proprietors and managers of a warehouse for the storing of provisions. It was given in compliance with the rules and regulations of the Board of Trade of Chicago, of which the obligee was president. The obligors borrowed money from the bank, and as collateral security, deposited warehouse receipts for pork stored in their warehouse, made away with the pork and became insolvent. The bank brought an action in the name of the obligee for its use against the security upon the bond. As a defense, it was claimed that the bond being given under the rules and regulations of the Board of Trade to the president of the board, no one, not a member of the board, (which the bank was not) could have any benefit from it. It was held that notwithstanding the rules and regulations of the Board of Trade, the obligation was a common law bond, and that the words of the condition cover damages to any person.

2. SURETIES—*Debt upon Bond—Release.*—The obligees in a bond required by the rules and regulations of the Chicago Board of Trade, becoming insolvents, conveyed to its creditors certain real estate in consideration of a release of all debts, excepting their liability upon the bond in question. Upon a suit brought upon the bond by the party executing the release against the surety, *it was held*, that the release did not affect his liability as surety on the bond.

**Memorandum.**—Action of debt on a bond. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1892, and affirmed. Opinion filed February 1, 1893.

### STATEMENT OF THE CASE.

This was an action in debt, brought by appellee, E. Nelson Blake, for the use of the Metropolitan National Bank, of Chicago, against appellant, upon a bond which was required to be given under the rules of the Board of Trade of Chicago, by provision warehousemen, as a condition for the making of their warehouse receipts regular for delivery, in filling contracts made on the board. The bond sued on is in the sum of $5,000, and runs to E. Nelson Blake, who was

the president of the board at the time of its execution (January 31, 1884), or to his successor in office, "for the use and benefit of any person or persons entitled to receive the same." It was executed by the firm of J. C. Ferguson & Co., as principals, and by appellant, with one George D. Baldwin as surety, and was conditioned for the faithful performance by the principals of their duty as warehousemen, under the law and the rules of the board.

The declaration, filed September 9, 1887, declared against appellant as surety, and alleged as a ground of recovery by the usee, the Metropolitan National Bank, that on the 16th of May, 1889, it loaned to J. C. Ferguson & Co. $20,000, and received from them their note for that amount ' payable on demand," and ten warehouse receipts, for 2,500 barrels of mess-pork, which receipts were issued by Ferguson & Co., as warehousemen, and were deposited with the bank as a collateral security for the loan; that there was due to the bank more than the sum of $5,000 on account of this loan; and that J. C. Ferguson & Co. fraudulently removed the pork described in the receipts, from the warehouse, whereby the bank lost, etc. The plaintiffs recovered and the defendant appeals.

APPELLANT'S BRIEF, FRANCIS A. RIDDLE AND JOHN S. STEVENS, ATTORNEYS.

As to the question of release, appellant contended that the fair, legal interpretation of the instrument is, that the bank accepted the property conveyed and the contract rights transferred, together with the rights it had already secured by attachment and garnishment proceedings, in satisfaction of all debts due it from Ferguson & Co., and not as a mere security for such debts.

In Oxley et al. v. Storer, 54 Ill. 159, it was urged by Storer, who was a surety upon the bond sued on in that case, that appellants, the obligors in the bond, had accepted a certain trust deed from the principal "to secure appellants upon the obligations sued on," and the court said: "If this trust deed was received by them in discharge of their (the

obligors') liability on the bond, then appellee was released."
But not so, of course, if such trust deed was accepted merely
as an additional security.   Oxley v. Storer, 54 Ill. 159.

"If the latter (the creditor) has surrendered all claims
upon the principal debtor, so that they are absolutely un-
enforceable, the surety is discharged."   Colebrook's Law
of Collateral Securities, 325, and cases cited.

"A surety is usually bound with his principal by the
same instrument, executed at the same time and on the
same consideration.   He is an original promisor and debtor
from the beginning."   Brandt on Suretyship and Guar-
anty, 3.

APPELLEE'S BRIEF, WILSON, MOORE & MCILVAINE, ATTORNEYS.

Appellee contended that the first defense relates only to
the usee, and has no application to the plaintiff, who was
the obligee in the bond; the person named as usee cuts no
legal figure in the case; that so much as describes him is
mere surplusage, and the questions for trial are the issues
made as between the plaintiff and the defendant only.   Am.
Ex. Co. v. Haggard, 37 Ill. 465; Buckmaster v. Beames, 4
Gil. 443; Northrup v. McGee, 20 Brad. 108.

It is not material whether the bond was given under the
rules of the board or not; it expressly purports to be given
to secure any person who may be injured by any failure of
the principals to comply with their obligations as warehouse-
men.

An obligation entered into voluntarily and for sufficient
consideration, unless contrary to law, is valid although it
was made in the effort to comply with the statute, but does
not do so.   Barnes v. Brookman, 107 Ill. 317; Pritchett v.
People, 1 Gil. 525; Fournier v. Faggott, 3 Scam. 347.

The second defense relates to release.   It is conceded,
that by the terms of the agreement which are set out in full
in the pleas, it was provided that the liability on this bond
should not be released or in any way discharged, but right
of action thereon was particularly and in terms reserved.

The contention of counsel is that this reservation is illegal;

or rather, that the creditor, having released the principal, could not, as a matter of law, reserve, by contract, his rights against the surety. No authorities are cited for this proposition, and none can be; for the exact contrary is a settled rule of law. De Colyar on Guaranties, p. 403 and 404 (p. 362 to 368); Brandt on Suretyship, etc., Sec. 123; Mueller v. Bodschuetz, 89 Ill. 176; Parmelee v. Lawrence, 44 Ill. 413; Hubbell v. Carpenter, 5 N. Y. 171; Bateson v. Gosling, 7 L. P. Chap. 9; Hall v. Thompson, 9 Up. Can. C. P. 257; Wood v. Brett, 9 Grant's Ch. Reps. 452; Ex parte Glendinning, B. C. 917; Price v. Barker, 4 E. and B. 760; Green v. Wynn, 4 L. R. Ch. A. 204; Colebrook on Collateral Securities, 324; Pitman on Principal and Surety, 189; Fell on Guaranty, 236 (note).

OPINION OF THE COURT, GARY, P. J.

The appellee sued the appellant as surety upon a penal bond given by the members of the firm of J. C. Ferguson & Co. to the appellee, conditioned (*inter alia*) that that firm should pay any damages sustained by any person on account of neglect of duty, fault or fraud of the firm as proprietor or manager of a warehouse for the storage of provisions.

This bond was given in compliance with rules and regulations of the Board of Trade, of Chicago, of which the appellee was then president.

The breach is that the firm borrowed money from the Metropolitan Bank, and as collateral security, deposited with the bank warehouse, receipts for pork in their own warehouse; that they made away with the pork, became insolvent, and the bank is the loser.

The defense was made by pleas to which demurrers were sustained, and judgment entered for the appellee.

The defense is two-fold. First, that the bond being given under rules and regulations of the board to the president of the board, no one, not a member of the board (which the bank was not), could have any benefit from it; and that therefore this suit, for the use of the bank, to recover damages sustained by the bank, is not sustainable.

To this defense the answer is, that notwithstanding the

rules and regulations of the board, this is a common law bond, not statutory; is in itself lawful; and that the words of the condition cover damages to any person. It is not contended that the word person excludes a corporation. 18 Am. & Eng. Ency. of Law, 404, *et seq.*

And "for the breach of a covenant to do a particular thing * * * though the covenanter has no beneficial interest in the performance of the covenant, yet he recovers the value of the thing to be done." Smith v. Hertz, 37 Ill. App. 36; see also Page v. Lewis, 68 Ill. 604.

With the distribution of the damages, when collected, the appellant is not concerned.

The second defense is based upon the following release:

"The undersigned, the Metropolitan National Bank, of Chicago, in consideration of the execution and delivery by Nathan M. Neeld and wife, Edward W. Ferguson and wife, E. B. Howard and wife, and John Q. Ferguson, to Henry Botsford, of their quit claim deeds of that certain real estate in the county of Cook, and State of Illinois, known as the J. C. Ferguson Packing House property, and of the assignment by said J. C. Ferguson & Co. to Hately Brothers, of all their right, title and interest in and to any and all moneys at any time payable to said J. C. Ferguson & Co., for or on account of said packing house property, under and by virtue of that certain written contract between certain packers of hogs in the County of Cook, and State of Illinois, does from all debts due and owing from them to said bank, hereby release said Neeld, Edward W. Ferguson, Howard and John W. Ferguson, and each of them, as to all money, property, claims, demands, rights and interests which they may hereafter obtain or acquire, except their liability or the liability of any or either of them, upon a certain bond bearing date of the 31st day of January, A. D. 1884, in the penal sum of $5,000, executed by said Neeld, John Q. Ferguson and Edward W. Ferguson and their sureties to E. Nelson Blake, president of the Board of Trade of the city of Chicago, his successor or successors in office, for the use and benefit of any person or persons entitled to receive the

same, and except the right of said bank to institute and prosecute any suit or proceedings against said Board of Trade; and except the right of said bank to prosecute any and all suits now pending in attachment or otherwise, whether in said county of Cook or elsewhere; it being intended hereby not to in any way release or impair the obligations of the parties to said bonds, either as to said principals or sureties, but to leave the same in full force the same as though this instrument had not been executed, and to leave said bank free to prosecute any suits against said Board of Trade growing out of any business or transactions between the firm of J. C. Ferguson & Co., and said bank connected with said Board of Trade or warehouse receipts, held by said bank and registered by said Board of Trade, or some of its officers, agents or employes; it also being intended hereby not to waive, release or impair the right of said bank to prosecute any such suits, and recover and receive any sum which can be or may be made against the property attached and the parties garnisheed, or that may hereafter be attached or garnisheed in any such proceedings. Said bank hereby reserves the right to take all necessary proceedings to have the property assets, choses in action, rights, credits now possessed by said parties, or any of them, or in which they, or any or either of them, is or are now interested, applied toward the satisfaction of the debts due from said parties to said bank.

In witness whereof the said Metropolitan Bank of Chicago, has caused these presents to be signed by its president, and its corporate seal to be hereto affixed this fifteenth day of March, in the year of our Lord, one thousand eight hundred and eighty-seven.

THE METROPOLITAN NATIONAL BANK OF CHICAGO,
                        E. G. KEITH, President."

That release has no effect upon the liability of the appellant. Mueller v. Dobschuetz, 89 Ill. 176. The judgment is affirmed.